IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YAHYI SHIHEED, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-17-1595 |
| ORIYOMI BOBOE, et al., | * | |
| Defendants. | * | |

*****

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Oriyomi Boboe and Ellwood Lyle's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 18). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motion in part and deny it in part.[1]

## I. BACKGROUND[2]

On April 3, 2017, while housed as a pretrial detainee at Jessup Correctional Institution ("JCI") in Jessup, Maryland, Plaintiff Yahyi Shiheed was involved in back-to-back altercations, one with Lyle and the other with Boboe, correctional officers at JCI.

---

[1] Plaintiff Yahyi Shiheed filed letters with the Court (ECF Nos. 20, 22), as well as a Motion of Request (ECF No. 21), indicating his belief that Defendants are without counsel. He is mistaken. Counsel from the Office of the Attorney General represents Defendants. Accordingly, the Court will deny the Motion.

[2] Unless otherwise noted, the facts outlined here are set forth in Shiheed's Complaint (ECF No. 1). To the extent the Court discusses facts that Shiheed does not allege in his Complaint, they are uncontroverted and the Court views them in the light most favorable to Shiheed. The Court will address additional facts when discussing applicable law.

(Compl. at 3, ECF No. 1[3]).  At approximately 6:00 p.m., as Shiheed held open the feeding slot of his cell door, Lyle attempted to shut it.  (Id.).  Unsuccessful, Lyle confiscated a pen Shiheed was holding and used it to "stab[]" his arm three times, causing "a small bleeding hole."  (Id.).  Shiheed demanded to be escorted to the medical office for treatment.  (Id.).  Lyle, however, refused.  (Id.).  Having become upset, Shiheed threw milk on Boboe, who was outside of Shiheed's cell.  (Id.).  Boboe responded by spraying Shiheed in the face with pepper spray.  (Id.).  Lieutenant Francis Itula then escorted Shiheed to the medical office for treatment.  (Id.).  Upon release from the medical office, Shiheed was transferred from JCI to North Branch Correctional Institute ("NBCI").  (Id.).

On June 9, 2017, Shiheed sued Lyle and Boboe.  (ECF No. 1).  He seeks monetary damages for alleged violations of his Eighth Amendment rights against the use of excessive force, denial of medical care, and interference with his access to the administrative remedy process.  (Id.).  On February 2, 2018, Lyle and Boboe filed a joint Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  (ECF No. 18).  Shiheed filed a Motion of Opposition on February 20, 2018.[4]  (ECF No. 19).

## II. DISCUSSION

### A. Standard of Review

Defendants style their Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56.  A motion styled in this manner

---

[3] Citations to the Complaint refer to the pagination the Court's Case Management and Electronic Court Filing system assigned them.

[4] Shiheed's "Motion of Opposition" is, in reality, an opposition to the pending dispositive motions filed by Defendants and will be construed as such.  For docketing purposes, however, the Court will direct the Clerk of Court to deny the Motion.

implicates the Court's discretion under Rule 12(d). See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005). The Court "does not have an obligation to notify parties of the obvious." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961

3

(4th Cir. 1996)). To raise sufficiently the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). A Rule 56(d) affidavit is inadequate if it simply demands "discovery for the sake of discovery." Hamilton v. Mayor of Balt., 807 F.Supp.2d 331, 342 (D.Md. 2011) (citation omitted). A Rule 56(d) request for discovery is properly denied when "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (quoting Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995)).

Here, the parties were on notice that the Court might resolve Defendants' Motion under Rule 56 because Defendants styled their Motion in the alternative for summary judgment and presented extra-pleading material for the Court's consideration. See Moret, 381 F.Supp.2d at 464. Indeed, Shiheed's Motion of Opposition cites the legal framework for assessing a motion for summary judgment as the governing standard of review. (Pl.'s Mot. Opp'n 5–6). While Shiheed alleges the existence of camera footage of the parties' encounters, he has not filed an affidavit or declaration seeking the footage in accordance with Rule 56(d). Accordingly, the Court treats Defendants' Motion as a motion for summary judgment.

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is a genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citation omitted).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248;

accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

**B.     Analysis**

Construing Shiheed's Complaint liberally,[5] the Court determines that Shiheed brings claims under 42 U.S.C. § 1983 (2018). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Hamilton, 807 F.Supp.2d at 343 (quoting Albright v. Oliver, 510 U.S. 266, 271 (1994)). "In analyzing a § 1983 claim, a court must first identify the specific constitutional right allegedly infringed." Id. (quoting Albright, 510 U.S. at 271).

Here, Shiheed's status as a pretrial detainee is uncontested. (See Compl. at 3). Accordingly, the Court will analyze his claims under the Fourteenth Amendment's Due Process Clause, rather the Eighth Amendment as alleged in his Complaint. See Oladokun v. Maryland, No. DKC-14-463, 2014 WL 7014511, at *1 & n.7 (D.Md. Dec. 10, 2014). Shiheed specifically alleges that: (1) Lyle and Boboe each used excessive force; (2) Lyle

---

[5] Shiheed is proceeding pro se. Accordingly, the Court construes his pleadings liberally. See Matherly v. Andrews, 859 F.3d 264, 274 (4th Cir. 2017) (citation omitted) ("As for pro se complaints, we 'liberally construe' them.").

improperly denied Shiheed's request for medical care; and (3) Shiheed was transferred to another facility so that he could not proceed with the administrative remedy process. (Compl. at 3).

Defendants primarily contend that: (1) Lyle was not involved in an incident involving use of force against Shiheed; (2) Boboe's use of pepper spray was not improper; and (3) Shiheed fails to support his claims that he was denied medical care and that his transfer from JCI to NBCI violated a protected liberty interest. The Court disagrees with the first argument but agrees with the second and third arguments. It will address each argument in turn.

1. **Excessive Force**

The Fourteenth Amendment's Due Process Clause "protects a pretrial detainee from the use of excessive force that amounts to punishment" and that "is not an incident of some other legitimate governmental purpose." Duff v. Potter, 665 F.App'x 242, 244 (4th Cir. 2016) (quoting Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)). A pretrial detainee asserting an excessive force claim must show that the "force purposely or knowingly used against him was objectively unreasonable." Id. (quoting Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015)).

In evaluating the objective reasonableness of the force, the Court "considers the evidence from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (quoting Kingsley, 135 S.Ct. at 2473). Considerations bearing upon objective reasonableness are: (1) "the relationship between the need for the use of force and the amount of force used"; (2) "the

7

extent of the plaintiff's injury"; (3) any effort made by the officer to temper or to limit the amount of force"; (4) "the severity of the security problem at issue"; (5) "the threat reasonably perceived by the officer"; and (6) "whether the plaintiff was actively resisting." Id. (citing Kingsley, 135 S.Ct. at 2473). Neither motive nor intent of an officer is a relevant consideration. See id. Furthermore, whether the force used was objectively reasonable should be determined "in 'full context,' as a segmented view of the events 'misses the forest for the trees.'" Id. (quoting Smith v. Ray, 781 F.3d 95, 101 (4th Cir. 2015)).

### a. Lyle's Involvement in Stabbing Incident

Defendants do not contest whether Lyle allegedly stabbing Shiheed was objectively reasonable. Rather, they argue that Lyle should be dismissed from the suit because nothing in the record suggests that the stabbing occurred. The Court disagrees.

Here, the Complaint alleges that Lyle stabbed Shiheed in his arm several times, inflicting "a small bleeding hole." (Compl. at 3). Because the Complaint is akin to a verified complaint[6], it "is the equivalent of an opposing affidavit for summary judgment purposes." Duff, 665 F.App'x at 243–44 (citing World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., Ltd., 783 F.3d 507, 516 (4th Cir. 2015); Davis v. Zahradnick, 600 F.2d 458, 459−60 (4th Cir. 1979)). The Court, therefore, concludes there is a genuine dispute of fact as to whether Lyle used excessive force in stabbing Shiheed. Accordingly, the Court will deny summary judgment to Defendants on this issue.

---

[6] The Complaint's statement of claim asserts under penalty of perjury that it is predicated on the truth of Shiheed's knowledge and belief. (Compl. at 3).

8

### b. Boboe's Use of Pepper Spray

Defendants argue that the totality of circumstances do not support a finding that Boboe improperly deployed mace against Shiheed. The Court agrees.

Here, the record demonstrates the existence of a reasonably perceived threat and need for force. According to undisputed evidence, minutes before the alleged incident and after Boboe issued dinner trays, Shiheed used his arm to hold open the feeding slot of his cell door. (Compl. at 3; Brengle Decl. at 36, ECF No. 18-2). As a matter of law, an inmate that sticks his arm through the food slot of his cell door, as in this matter, "pos[es] a danger to officers who might walk by his cell." Grayson v. Peed, 195 F.3d 692, 696 (4th Cir. 1999). Shiheed readily admits that he subsequently threw milk at Boboe only because a prior incident involving a different correctional officer upset him. (Compl. at 3). Defendants submitted reports detailing Shiheed's assault on Boboe, explaining that he continued throwing liquid substance on Boboe after being ordered to stop. (Brengle Decl. at 36). Shiheed has not presented admissible evidence contravening the detailed account. Thus, the Court finds that Boboe did not provoke the assault and responded with force only in self-defense.

In addition, there is no dispute that Boboe deployed a relatively minimal amount of non-lethal force: a one-second-long "burst" of pepper spray. (Id.). Nor does Shiheed dispute the fact that he was escorted to the medical office for treatment only moments after being pepper sprayed, (Compl. 3; Brengle Decl. at 2, 36), which evidences an effort to temper the force applied. With respect to his injury, although Shiheed reported "generalized body aches," he was "alert" and "oriented" and exhibited "no apparent

9

distress." (Defs.' Mot. Ex. 2 at 2, ECF No. 18-3). In sum, the Court concludes there is no dispute of material fact that Boboe's use of pepper spray against Shiheed was objectively reasonable. Accordingly, the Court will grant Defendants' Motion to the extent they seek judgment in their favor on Shiheed's excessive force claim against Boboe.

### 2. Denial of Medical Care

Shiheed next alleges that Lyle improperly refused him medical care after stabbing him in the arm three times with a pen, causing "a small bleeding hole." (Compl. at 3).

"Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)). "To sustain an Eighth Amendment medical care claim, a prisoner must show deliberate indifference to serious medical need." McIntyre v. Robinson, 126 F.Supp.2d 394, 401 (D.Md. 2000) (citing Estelle v. Gamble, 429 U.S. 907, 104−05 (1976); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)). Evaluation of a medical care claim requires a two-step inquiry: (1) "[t]he medical need, assessed objectively, must be sufficiently serious to require medical treatment"; and (2) "the Defendants must be subjectively aware of that need and of its seriousness and nevertheless act with deliberate indifference to it." Id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994); Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 104 (4th Cir. 1995)).

Here, the record does not support a finding of a "serious medical need." A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment

or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). "[A] minor injury," however, "does not rise to the level of a serious medical need." Ames v. Mallow, No. JKB-16-191, 2017 WL 839524, at *7 (D.Md. Mar. 2, 2017) (citing Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)).

Here, Shiheed alleges that he suffered a "small" bleeding hole in his arm as the result of the stabbing. (Compl. at 3). Shiheed admits that he was escorted to the medical office for treatment moments after he was pepper sprayed by Boboe, which, according to his allegations, immediately followed the stabbing. (Id.). Nothing in the uncontested medical records indicates that Shiheed complained of, or was otherwise treated for, a stab wound, laceration, abrasion, or the like on either arm, evidencing the "small" hole's superficial nature. The Court, therefore, concludes that the undisputed facts demonstrate that Shiheed's minor injury failed to rise to the level of a serious medical need. Accordingly, the Court will grant summary judgment in Defendants' favor as to this claim.

### 3. Transfer to Another Facility

Shiheed claims, without evidentiary support, that he was transferred from JCI to NBCI so that he could not proceed with the administrative remedy process. (Id.). Shiheed's conclusory statement that he could not file a grievance regarding the events complained of due to his transfer is insufficient to state a claim. The Department of Public Safety and Correctional Services has an established administrative remedy

procedure ("ARP") for use by detainees in their custody for "complaint resolution." See generally Md. Code Ann., Corr. Servs. ["C.S."], §§ 10-201 et seq. (West 2018); Md. Code Regs. 12.07.01.01B(1) (defining ARP). The grievance procedure applies to the submission of "grievance[s] against . . . official[s] or employee[s] of the Division of Correction." C.S. § 10-206(a). Simply put, Shiheed's transfer within the Division of Correction ("DOC") was not a hindrance to his ability to file an administrative grievance as the administrative remedy process is available at each institution throughout the DOC. Accordingly, the Court will grant Defendants' Motion as to this claim.[7]

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. A separate Order follows.

/s/
_____
George L. Russell, III
United States District Judge

---

[7] Defendants further contend that the Eleventh Amendment bars suit against Defendants and, particularly, Lyle in his official capacity and that he is entitled to qualified immunity. It is too early, however, to make this determination. The record does not contain sufficient evidence upon which the Court can adequately assess these arguments. Accordingly, the Court will deny Defendants' Motion to the extent they seek judgment in their favor on these grounds.

12