IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YAHYI SHIHEED, | * |
|    Plaintiff, | * |
| v. | *   Civil Action No. GLR-17-1595 |
| ELLWOOD LYLE, | * |
|    Defendant. | * |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Ellwood Lyle's Motion for Summary Judgment (ECF No. 65). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant Lyle's Motion.

### I.   BACKGROUND

**A.   Factual Background**

Plaintiff Yahyi Shiheed alleges that on April 3, 2017, while he was housed as a pretrial detainee at Jessup Correctional Institution ("JCI") in Jessup, Maryland, he was assaulted by Lyle, a correctional officer at JCI. (Shiheed Decl. ¶¶ 1–3, ECF No. 66-1).[1] Specifically, Shiheed alleges that while his arms were protruding from the food slot on his

---

[1] Following this alleged assault by Lyle, Shiheed alleged in his Complaint that he was unlawfully pepper sprayed by Oriyomi Boboe, another correctional officer at JCI. (Compl. at 3, ECF No. 1). This Court dismissed Shiheed's claims against Boboe upon finding that undisputed evidence indicated that Boboe's use of force was justifiable and administered only in self-defense. (Sept. 14, 2018 Mem. Op. at 9, ECF No. 23). Accordingly, only Shiheed's claims against Lyle remain.

cell door, Lyle repeatedly slammed the door of the slot down onto Shiheed's arms, then stabbed Shiheed three times in the arm with a pen. (Id. ¶¶ 2–3). Lyle then refused to escort Shiheed to the medical office for treatment. (Id. ¶ 4). Shiheed alleges that at some point thereafter—he does not recall the date or the individual to whom he relayed the complaint—he submitted a written administrative remedy procedure ("ARP") complaint concerning Lyle's assault. (Id. ¶¶ 5–7). Shiheed did not receive a return copy of his ARP, nor does he have any other evidence substantiating the alleged filing. (Id. ¶ 8). Shiheed was transferred to a separate prison, North Branch Correctional Institution ("NBCI"), on April 14, 2017. (Id. ¶ 9). Shiheed believes that his transfer was effectuated in an effort to prevent him from pursuing his ARP. (Id.).

Lyle relies on testimony from Department of Public Safety and Correctional Services ("DPSCS") employees to establish that Shiheed did not file an ARP relating to the alleged assault by Lyle. For example, Gilbert Abraham, Litigation Coordinator for JCI, asserts that JCI has no record that Plaintiff filed an ARP about the alleged confrontation. (Abraham Decl. ¶ 3, ECF No. 65-3). Abraham further states that if Shiheed had filed an ARP, JCI would have provided him a receipt. (Id.). Similarly, John White, NBCI's Litigation Coordinator, asserts that there is no record of Shiheed filing an ARP relating to the Lyle incident. (White Decl. ¶ 3, ECF No. 65-2). Holly Hunter, Special Assistant to the Commissioner of the Maryland Division of Correction ("DOC"), who also serves as the ARP/Inmate Grievance Office coordinator for the DOC, states that "[a] search of the DOC [ARP] index did not produce any record of any ARP from Mr. Shiheed involving the [Lyle] incident[.]" (Hunter Decl. ¶¶ 2–3, ECF No. 65-5). Finally, Lyle provides Shiheed's

2

Individual ARP Index Report, which demonstrates that Shiheed is familiar with how an ARP is filed and that the DOC is capable of retaining records of ARPs filed by Shiheed. (White Decl. Exh. at 1–2). The Report lists and describes twenty-four ARPs filed by Shiheed in the two years following his transfer to NBCI. (Id.).

Shiheed directs the Court's attention to an Intelligence and Investigative Division ("IID") investigation opened by JCI after the assault, which Shiheed identifies as Case No. 17-35-00675. (Opp'n Mot. Summ. J. ["Opp'n"] at 2, ECF No. 66). A review of the documents generated pursuant to IID Case No. 17-35-00675 reveals that it was an investigation into Boboe's use of force against Shiheed; there is no mention of either Lyle, slamming a cell door food slot, or stabbing Shiheed's arm. (See, e.g., IID Report at 2, 8–9, 11, 13, 15, 18–19, 23, 27, 31, ECF No. 66-2).

**B.   Procedural Background**

On June 9, 2017, Shiheed sued Lyle and Boboe. (ECF No. 1). He seeks monetary damages for alleged violations of his Eighth Amendment rights against the use of excessive force, denial of medical care, and interference with his access to the administrative remedy process. (Compl. at 5). On February 2, 2018, Lyle and Boboe filed a joint Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 18). Shiheed filed an Opposition on February 20, 2018. (ECF No. 19). The Court granted the Motion in part on September 14, 2018, dismissing Boboe from the case and limiting Shiheed's remaining claims against Lyle. (ECF Nos. 23, 24). Following appointment of counsel, Shiheed filed an Amended Complaint on November 9, 2018. (ECF No. 28). Lyle filed an Answer on November 26, 2018. (ECF No. 29).

On March 10, 2020, the parties jointly moved to stay discovery to allow Lyle to move for summary judgment on the basis that Shiheed failed to exhaust his administrative remedies. (ECF No. 63). The Court granted the Motion on May 5, 2020. (ECF No. 64). Following the Court's Order, Lyle moved for summary judgment on May 26, 2020. (ECF No. 65). Shiheed filed an Opposition on June 8, 2020. (ECF No. 66). Lyle filed a Reply on June 23, 2020. (ECF No. 68).

## II.  DISCUSSION

### A.  Standard of Review

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmovant, drawing all justifiable inferences in that party's favor. Ricci v. DeStefano, 557 U.S. 557, 586 (2009); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 141 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265. A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

**B.**     **Analysis**

    **1.**     **Exhaustion**

Lyle raises the affirmative defense that Shiheed has failed to exhaust his administrative remedies. (Mem. Supp. Def.'s Mot. Summ. J. ["Def.'s Mot."] at 3–7, ECF No. 65-1). The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, if Shiheed's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the PLRA.

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h); see also Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943–44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust where plaintiff did not appeal his administrative claim through all four stages of the Bureau of Prisons' grievance process). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Chase v. Peay, 286 F.Supp.2d 523, 528 (D.Md. 2003), aff'd, 98 F.App'x 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. See Jones v. Bock, 549 U.S. 199, 215–16 (2007); Anderson v. XYZ Corr. Health Services, Inc., 407 F.2d 674, 682 (4th Cir. 2005).

A claim that has not been exhausted may not be considered by this Court. See Bock, 549 U.S. at 220. In other words, exhaustion is mandatory and generally may not be excused. Ross v. Blake, 136 S.Ct. 1850, 1856–57 (2016) (citing Miller v. French, 530 U.S. 327, 337 (2000)).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. Moore v. Bennette, 517 F.3d 717, 725, 729 (4th Cir. 2008); see also Langford v. Couch, 50 F.Supp.2d 544, 548 (E.D.Va. 1999) ("The second PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford, 548 U.S. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

7

In Maryland, filing an ARP complaint is the first step of a mandatory three-step administrative process. See Md. Code Ann., Corr. Servs. § 10-201 et seq.; Md. Code Ann., Cts. & Jud. Proc. § 12-201 et seq.; Md. Code Regs. 12.02.28.01 et seq. A prisoner in a Maryland DOC institution must file an ARP with his facility's managing official within thirty days of the date on which the incident occurred, or within thirty days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. Id. 12.02.28.02(D)(1), 12.02.28.09(B). If the managing official denies the ARP, the prisoner has thirty days to file an appeal to the Commissioner of Corrections. Id. 12.02.28.14(B)(5). If the Commissioner of Correction denies the appeal, the prisoner has thirty days to file a grievance with the Inmate Grievance Office. Id. An inmate is not deemed to have exhausted his administrative remedies until he has pursued his grievance through all levels. See Woodford, 548 U.S. at 90; Gibbs, 986 F.Supp. at 943–44.

Here, Shiheed alleges only that he filed an ARP complaint regarding his assault by Lyle, not that he completed all three steps of the administrative process. Instead, Shiheed argues that because JCI conducted an IID investigation relating to the incident, he was no longer required to exhaust all three steps of the administrative process. See Md. Code Regs. 12.11.01.08 (requiring other entities within the DPSCS to "relinquish authority for an investigation undertaken by the [IID]"); Chase v. U.S. Dist. Ct. of Md., No. CCB-14-3150, 2015 WL 1817240, at *3 (D.Md. Apr. 21, 2015) ("The court is aware that once [IID] initiates investigation, the matter no longer is subject to the ARP process."); Shiheed v. Shaffer, No. GLR-14-1351, 2015 WL 4984505, at *3 (D.Md. Aug. 18, 2015) ("There were no further remedies available to Plaintiff once the [IID] began its investigation of his claim

8

of excessive force."). This argument cannot succeed, however, because the IID investigation Shiheed identifies does not relate to his assault by Lyle. Thus, the agency did not have the opportunity to "address[] the issues on the merits" as required by Woodford.

In sum, Shiheed bases his argument that he exhausted his administrative remedies on a bare assertion that he submitted an ARP concerning his alleged assault by Lyle and the existence of an IID investigation that neither identifies Lyle nor mentions the alleged assault. This evidence is insufficient to allow a reasonable jury to find that Shiheed exhausted his administrative remedies. Thus, no genuine dispute of material fact exists as to this necessary element of Shiheed's remaining claims. Accordingly, the Complaint must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Lyle's Motion for Summary Judgment (ECF No. 65). A separate Order follows.

Entered this 30th day of December, 2020.

                                            /s/                  .
                                      George L. Russell, III
                                      United States District Judge